Rajan O. Dhungana
California Bar No. 297794
Sahara Legal Group
59 Damonte Ranch Pkwy, STE B-550
Reno, Nevada 89521
Phone: 775.298.6200
Facsimile: 775.298.6201
Email: Rajan@SaharaLegal.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Md Abubakar Hossainpk, and Mst Shaleha Hossain, d.b.a. SOHAN AMERICA MARKET,<br><br>Plaintiff.<br><br>vs.<br><br>The UNITED STATES OF AMERICA.<br><br>Defendant. | Case No.:  15-cv-02107<br><br>**First Amended Complaint for Judicial Review of Administrative Decision** |

## I. JURISDICTION AND VENUE

1. This action is brought under 7 U.S.C. § 2023, 5 U.S.C. § 703, and the Fifth Amendment to the United States Constitution to seek de novo review of the Defendants' administrative decision to permanently disqualify Plaintiffs from participating in Supplemental Nutrition Assistance Program (hereinafter "SNAP").

2. Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, being an action arising under the Constitution and Federal law.

3. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(e) because the acts complained of herein occurred in the City of Anaheim, California, in the Federal Central District of California, being also Plaintiffs' place of business.

4. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which the Defendants are employees or officers of the United States, acting in their official capacity, and an agency of the United States; because a substantial part of the events or omissions giving rise to the claim occurred in Anaheim, California, in the Central District of California; and because Plaintiffs reside in the Central District of California and Plaintiffs business is located in the Central District of California.

## II. PARTIES

5. During all times relevant and material to this complaint, Plaintiffs were, and still are, the owners of Sohan America Market (hereinafter "Sohan"), doing business at 327 South Lemon Street, Anaheim, California 92805.

6. Defendant, The United States of America, is sued herein pursuant to 7 U.S.C. § 2023(a)(13).

//
//

### III.   PROCEDURAL HISTORY

7. On July 8, 2015, Plaintiffs received a letter from Jocelyn Keh, Section Chief, Retailer Operations Division for the USDA FNS Supplemental Nutrition Assistance Program (hereinafter "Section Chief"), notifying Plaintiffs that they were being charged with trafficking as defined in 7 C.F.R. § 271.2, and that Plaintiffs were being permanently disqualified from participating in being a SNAP vendor.

8. On July 27, 2015, Plaintiffs, by and through counsel, responded to the allegations set forth on the letter sent on July 8, 2015.

9. On August 17, 2015, the Section Chief replied to Plaintiffs' response, affirming the disqualification with no further explanation given as to the disqualification and without addressing any of the points made in the July 27, 2015 response.

10. On August 24, 2015, Plaintiffs, by and through counsel, filed a timely request for administrative review pursuant to 7 C.F.R. § 278.6(n) and 7. C.F.R. § 279.2(c).

11. On November 18, 2015, Plaintiffs received a decision from Mary Kate Karagiorgios, Administrative Review Officer at the Administrative Review Branch of the USDA FNS (hereinafter "Review Officer"), affirming the decision to permanently disqualify Plaintiffs from participating in the SNAP program.

12. Plaintiffs have exhausted all administrative remedies and continue to be permanently disqualified, and thus brings this complaint for judicial review.

13. This complaint for judicial review of administrative decision is timely pursuant to 7 C.F.R. § 279.7(a).

//

//

## IV.   FACTS COMMON TO ALL CAUSES OF ACTION

14.   On July 8, 2015, Plaintiffs received a "charge letter" from the Section Chief outlining three sets of transactions that constituted alleged suspicious transactions that led to the charge of trafficking as defined in 7 C.F.R. § 271.2.

15.   The Section Chief compiled SNAP Electronic Benefits Transactions (hereinafter "EBT") that were allegedly repetitive patterns of unusual, irregular, and inexplicable activity for Sohan's type of store, occurring between December 2014 and May 2015, resulting in the charge of trafficking. Said evidence being –

 a. In a series of SNAP EBT transactions, multiple transactions were made from individual benefit accounts in unusually short time frames (hereinafter "Transaction Series A");

 b. In a series of SNAP EBT transactions, the majority or all of individual recipient benefits were exhausted in unusually short periods of time (hereinafter "Transaction Series B");

 c. In a series of SNAP EBT transactions, excessively large purchase transactions were made from recipient accounts (hereinafter "Transaction Series C").

16.   On July 27, 2015, Plaintiffs, by and through counsel, answered and refuted each of the areas of alleged evidence outlined by the Section Chief.

17.   Regarding Transaction Series A, the Section Chief alleged the following transactions –

 a. Twenty-one (21) instances where the same individual benefit account had two (2) transactions within relatively short time frames (for a total of forty-two violations);

 b. Six (6) instances where the same individual benefit account had three (3) transactions within relatively short time frames (for a

        total of eighteen violations);

    c. Four (4) instances where the same individual benefit account had four (4) transactions within relatively short time frames (for a total of sixteen violations);

    d. One (1) instance where the same individual benefit account had six (6) transactions within relatively short time frames.

18. Plaintiffs provided a non-exhaustive sample of repeat customers who were not paying with credit/debit cards to show that such repeat transactions were commonplace in the neighborhood where Sohan was located, irrespective of the method of payment. Plaintiffs provided copies of receipts showing –

    a. Twenty-one (21) credit/debit card transactions occurring in a short time frame TWICE in the same day,

    b. Seven (7) credit/debit card transactions occurring in a short time frame THREE TIMES in the same day,

    c. Five (5) credit/debit card transactions occurring in a short time frame FOUR TIMES in the same day.

19. Regarding Transaction Series B, the Section Chief indicated that there were fifty-one (51) violations in which the majority or all of individual recipient benefits were exhausted in unusually short periods of time.

20. Plaintiffs responded that without further discovery of data held by USDA FNS, there is no way Plaintiffs can even attempt to verify these transactions or offer a rebuttal.

21. Regarding Transaction Series C, the Section Chief alleged the following transactions were excessively large, unusual, irregular, or inexplicable –

    a. Forty-four (44) individual benefit account transactions where the

1    amounts were between $28.00 and $39.99,

2    b. Thirty-eight (38) individual benefit account transactions where
3    the amounts were between $40.00 and $59.99,

4    c. Forty-six (46) individual benefit account transactions where the
5    amounts were between $60.00 and $79.99,

6    d. Twelve (12) individual benefit account transactions where the
7    amounts were between $80.00 and $99.99,

8    e. Thirty (30) individual benefit account transactions where the
9    amounts were between $100.00 and $119.99,

10   f. Twenty-one (21) individual benefit account transactions where
11   the amounts were between $120.00 and $139.99,

12   g. Eight (8) individual benefit account transactions where the
13   amounts were between $140.00 and $169.99,

14   h. Four (4) individual benefit account transactions where the
15   amounts were between $170.00 and $199.99,

16   i. Five (5) individual benefit account transactions where the
17   amounts were in excess of $200.00,

18   j. There were no alleged unusual individual benefit account
19   transactions exceeding $281.47.

20   22.   In their response, Plaintiffs provided a non-exhaustive sample of
21 twenty-three (23) receipts that showed excessively high credit/debit and cash
22 transactions to show that such allegedly "excessively large" transactions were not
23 unusual, irregular, or inexplicable at Sohan.

24   23.   In their response, Plaintiffs provided supplementary evidence that the
25 EBT transactions represented only a small and reasonable fraction of Sohan's

monthly sales, and the month-on-month rate of change fluctuations in EBT transactions closely track with Sohan's credit/debit card transactions and estimated cash transactions.

24. In their response, Plaintiffs also showed a copy of a recent inventory purchase at Sohan that showed that a significant portion of the inventory offered for sale at Sohan were qualifying products for EBT sales.

25. On August 17, 2015, the Section Chief, in her answer to Plaintiffs' response, did not give any consideration to the more than ninety-four (94) pages of evidence Plaintiffs submitted in their response, and summarily dismissed Plaintiffs' evidence in one line, stating that "we find that the violations cited in our charge letter occurred at your firm."

26. On August 24, 2015, Plaintiffs, by and through counsel, submitted a timely request for administrative review pursuant to 7 C.F.R. § 279.2(c).

27. On September 18, 2015, Plaintiffs, by and through counsel, submitted additional documentation to Mary Kate Karagiogios, the Administrative Review Officer assigned to Sohan's case (hereinafter "Review Officer".)

28. On November 18, 2015, the Review Officer sent notice to plaintiffs affirming the decision to permanently disqualify Sohan.

29. Sohan received the Review Officers decision on November 20, 2015.

30. Plaintiffs had never once before been charged with a violation of any USDA FNS regulations. Plaintiffs had never been disciplined, penalized or reprimanded by USDA FNS before.

31. Plaintiffs received no warning from USDA FNS of suspicious activity at Sohan before the imposition of the draconian punishment of permanent disqualification by USDA FNS.

## V.   FIRST CAUSE OF ACTION
### REVERSAL OF PERMANENT DISQUALIFICATION FROM THE USDA FNS SNAP PROGRAM BY DE NOVO JUDICIAL REVIEW

32. Plaintiffs repeat and re-allege the factual allegations contained in paragraphs 1 through 31.

33. Pursuant to 7 C.F.R. § 279.7(a), Plaintiffs file for judicial review of the permanent disqualification determination made by Defendants.

34. Defendants did not give weight to Plaintiffs' evidence explaining or rebutting Defendants allegations and acted in a capricious and arbitrary manner by not following their own regulations as per 7 C.F.R. § 278.6(d).

35. Defendants did not allege any direct evidence that Plaintiffs engaged in trafficking as defined under 7 C.F.R. § 271.2.

36. Defendants have not met their burden of proof that Plaintiffs have engaged in trafficking as defined under 7 C.F.R. § 271.2.

37. Defendants have made no showing of intent or of actual exchanges of cash for coupons as required under 7 C.F.R. § 278.6(d)(3).

38. Permanent disqualification from the USDA FNS SNAP program casts an unusually harsh burden on the livelihood of the Plaintiffs and employees at Sohan.

39. The permanent disqualification has also harshly and adversely impacted the neighborhood that Sohan serves, imposing particular hardship upon the poor, the elderly, and the handicapped residents, who rely upon the nearby market's products for sustenance. In fact, just down the block from Sohan, the staff and participants of an alcoholism treatment facility, the Alcoholics Alana Club of Anaheim, have indicated that the loss of Sohan's ability to accept SNAP benefits has had a markedly detrimental effect on their lives.

## VI.     PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, plaintiffs pray that this honorable Court provide the following relief:

a. Reversal of the decision by USDA FNS to permanently disqualify Plaintiffs from participation in the USDA FNS SNAP program.

b. Grant Attorney's fees and costs of Court to Plaintiffs.

c. Grant such further relief as the Court deems just and proper.

## VII.     DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on each cause of action herein.

Dated: March 14, 2016.

Respectfully Submitted,

/s/ Rajan O. Dhungana /s/
Rajan O. Dhungana
California Bar No. 297794
Sahara Legal Group
59 Damonte Ranch Pkwy, STE B-550
Reno, Nevada 89521
Phone: 775.298.6200
Facsimile: 775.298.6201
Email: Rajan@SaharaLegal.com